

**GS GELBER +**
**SANTILLO**

MEMO ENDO

May 23, 2023

**VIA ECF**
The Honorable Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re: *United States v. Stephen Belliard,* 7:17-cr-00002-KMK

Dear Judge Karas:

      On behalf of Stephen Belliard, I write without objection from Probation to request early termination of Mr. Belliard's five-year term of supervised release. Mr. Belliard has now been on supervised release for over two years and four months, without incident. During the time he has been on supervised release, he has been steadily working in construction, earning specialized certificates and becoming a skilled site supervisor. He has also seamlessly reintegrated into his family, and spends the majority of his free time when he is not working with his wife and children and as an active member of his church community. In short, Mr. Belliard is a success story. Early termination of supervised release is warranted by Mr. Belliard's conduct and the factors under 18 U.S.C. § 3553(a), and it is in the interest of justice. The Government opposes this motion.

1. **Procedural History**

      On July 3, 2018, Mr. Belliard pleaded guilty to possession with the intent to distribute, and conspiracy to distribute, five kilograms or more of cocaine. By the time of his sentencing on February 26, 2019, he had been in detention for nearly two and one-half years. *See* Ex. A, Sentencing Transcript at 4, 15. As Your Honor noted, Mr. Belliard had made great strides towards rehabilitation during that time, doing "incredibly valuable work in prison" and taking full advantage of the programming and educational opportunities available to him. *Id.* at 14. Particularly "compelling," *id.* at 5, was the incredible support that Mr. Belliard received from his family, which Your Honor described as "cause for optimism" and "a very powerful factor" in favor of a more lenient sentence. *Id.* at 16–17.

      Mr. Belliard's offense of conviction subjected him to a 10-year mandatory minimum. If not for the 10-year mandatory minimum, Mr. Belliard's Guidelines range would have been 97 to 121 months' imprisonment. *See* Sentencing Submission at 4, ECF No. 97. This Court ultimately imposed the lowest possible legal sentence, 10 years, while recognizing that it was constrained not to go lower than 120 months. *See* Ex. A at 16 (noting that the mandatory minimum "limits how far I can go in imposing a sentence"). Additionally, the Court noted many mitigating factors, which could have justified a lower sentence if the Court had discretion to go below the mandatory

The Honorable Kenneth M. Karas
May 23, 2023

Page 2

minimum.[1] *See, e.g., id.* at 14 (the Court noting: "You've, obviously, done incredibly valuable work in prison . . . . [W]hatever it is that's motivating you, it's working"); *id.* ("you clearly have many skills and many talents"); *id.* at 15 ("the record here is good and it's compelling"); *id.* ("You have a safety net right there" in strong family support.); *id.* at 16 ("there's cause for optimism here").

During his prison term, Mr. Belliard continued to demonstrate his commitment to rehabilitation. He completed an impressive array of vocational and educational programs, with a particular focus on construction, workplace safety standards, and horticulture. *See* Ex. B, Inmate Education Data Transcript. Mr. Belliard's behavior was also exemplary -- he received no disciplinary infractions in a difficult environment. *See* Ex. C.

On January 6, 2021, this Court granted Mr. Belliard's motion for a sentence reduction under 18 U.S.C. § 3582 (c) (1) (A) in light of the serious health risks he faced due to his medical conditions while incarcerated at Fort Dix during the COVID-19 pandemic. At the time, Mr. Belliard had already served more than half of his sentence. In granting the motion, this Court reasoned that "the Section 3553(a) factors do not justify his continued detention in light of profound health risks he is facing. The offense of conviction, while serious, did not involve acts of violence and Mr. Belliard has exhibited meaningful steps toward rehabilitation. While he has a criminal history, Mr. Belliard has served a substantial portion of a substantial sentence and appears to have the support of his family." *See* Dkt. No. 108.

2. **Mr. Belliard's sustained commitment to rehabilitation on supervised release**

Following the Court's order, Mr. Belliard was released to begin serving a 5-year term of supervised release. He has now been on supervised release for two years and four months, nearly half of his term, without incident. During that time, he has continued to demonstrate his commitment to rehabilitation and his family, and to being a productive and law-abiding member of society.

Mr. Belliard has repeatedly distinguished himself at work, taking advantage of every opportunity available to him to improve himself and his future prospects. He has obtained multiple certifications, including in Construction Safety and Health, Site Safety Supervisor Training, and Asbestos Control. *See* Ex. D (documents evidencing certifications.) Mr. Belliard has also received encouragement and support from his supervisors. Jose Diaz, an Environmental Abatement Supervisor who has worked with Mr. Belliard for two years, notes that "Mr. Belliard has proven

---

[1] Indeed, it is notable that Mr. Belliard's co-defendant Jose Rodriguez, who was charged in the same Indictment with the same conduct and was responsible for the same drug weight as Mr. Belliard, received a below-Guidelines 60-month term of imprisonment, half of Mr. Belliard's sentence. *See* PSR ¶ 13 (noting that Mr. Belliard and Mr. Rodriguez were both responsible for 7 kilograms of cocaine); S. 8 (the Government describing Mr. Rodriguez and Mr. Belliard as a "two-person team.").

Case 7:17-cr-00002-KMK   Document 109   Filed 05/23/23   Page 3 of 4

The Honorable Kenneth M. Karas
May 23, 2023

Page 3

himself to be a reliable and trustworthy individual. He is very productive and has amazing work ethics. He works well with others and is able to follow instructions while maintaining a positive attitude. Mr. Belliard has since received his Department of Labor State license for Supervisor and is in the process of working towards receiving his New York City DEP Supervisor's license." Ex. E. Edward Rodriguez, who has also supervised Mr. Belliard on and off for two years, notes that Mr. Belliard is "very reliable and always punctual I can always count on him. He is making effort to get his life back on track and I believe he would be a good role model to society." Ex. F.

Mr. Belliard has also successfully reintegrated with his family, and continues to be an active presence in the lives of his children. Mr. Belliard's friend of over two decades, Victor Nadal, notes that Mr. Belliard "has become even more of a family man as he prefers to be with [his wife and kids] the majority of his free time. If he is not with them at the moment, believe me when I say he will be at least speaking about them." Ex. G. He is also an active member of his church, which he attends online while actively engaging in community service projects through his church in New York City. The Pastor of his family's church, Roberto Ramirez, writes that Mr. Belliard "has been an active participant in our outreach events and community service projects in New York City. Mr Belliard has demonstrated a strong commitment to serving others and has made significant contributions to our efforts to help those in need." Ex. H.

3. **Early termination of supervised release is warranted by Mr. Belliard's conduct and the § 3553(a) factors, and it is in the interest of justice.**

After considering the factors under 18 U.S.C. § 3553(a), "[t]he court may terminate a term of supervised release ... at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3583(e). Indeed, the Sentencing Guidelines encourage courts to terminate an individual's supervised release early in appropriate cases. *See* U.S.S.G. § 5D1.1, App. Note 5 ("The court has authority to terminate ... a term of supervised release.... The court is encouraged to exercise this authority in appropriate cases."). The Second Circuit has recognized that a change in circumstances is not necessary to grant an early termination of supervised release. *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (Second Circuit law "does not require new or changed circumstances relating to the defendant in order to modify conditions of release, but simply recognizes that changed circumstances may in some instances justify a modification").

Mr. Belliard has served a substantial portion, nearly half, of his term of supervised release without incident, and he has successfully reintegrated into society and family life. Mr. Belliard's achievements at work, including his steady progress toward becoming a highly-skilled supervisor, show that he is thriving and committed to law-abiding work. Further supervision is therefore not necessary to serve the rehabilitative goals of supervised release. *See United States v. Hutchinson*, No. 97-CR-1146, 2021 WL 6122745, at *1 (E.D.N.Y. Dec. 28, 2021) (noting that that "the primary goal of such a term is to ease the defendant's transition into the community after the service of a long prison term," and granting early termination based on defendant's good conduct and successful reintegration into society); *United States v. Erskine*, No. 05 CR. 1234 (DC), 2021 WL

Case 7:17-cr-00002-KMK   Document 109   Filed 05/23/23   Page 4 of 4

The Honorable Kenneth M. Karas
May 23, 2023                                                                                          Page 4

861270, at *2 (S.D.N.Y. Mar. 8, 2021) (granting early termination of supervised release where defendant was "not only fully compliant with the terms of his supervision but also has taken considerable strides in reintegrating into his community through employment and service to his family"); *United States v. Rentas*, 573 F. Supp. 2d 801, 802 (S.D.N.Y. 2008) (granting early termination of supervision where defendant maintained steady employment and complied with all conditions of release); *United States v. Harris*, No. 3: 14-CR-00434 (PGS), 2021 WL 4342091, at *1 (D.N.J. Sept. 23, 2021) (same).

For these reasons, we respectfully request that the Court grant Mr. Belliard's request for early termination of supervised release. As noted above, while the Government opposes this motion, Probation has no object to early termination of supervised release.

Thank you for your consideration of this matter.

Sincerely,

/s/ Kristen M. Santillo
Kristen M. Santillo

The Government is to respond to this request by 6/7/23.

So Ordered.

5/24/23